**POLSINELLI LLP**
Noel S. Cohen (CA Bar No. 219645)
Ilana Zelener (CA Bar No. 311584)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:   310.556.1801
Facsimile:    310.556.1802
Email: ncohen@polsinelli.com
Email: izelener@polsinelli.com

**POLSINELLI PC**
Stuart M. Pape (*pro hac vice application forthcoming*)
1401 Eye ("I") Street, N.W., Suite 800
Washington, DC 20005
Telephone:  (202) 783-3300
Facsimile:  (202) 783-3535
Email:  spape@polsinelli.com

Jennifer J. Axel (*pro hac vice application forthcoming*)
One East Washington, Suite 1200
Phoenix, AZ 85004
Telephone:  (602) 650-2000
Facsimile:  (602) 264-7033
Email:  jaxel@polsinelli.com

*Attorneys for Defendant and Counterclaimant Hologenix, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Multiple Energy Technologies, LLC<br><br>   Plaintiff,<br><br>   v.<br><br>Hologenix, LLC,<br><br>   Defendants. | Case No. 2:19-cv-01483-PA-RAO<br><br>**EVIDENTIARY OBJECTIONS TO THE DECLARATIONS FILED IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Complaint Filed: February 28, 2019<br>Counterclaim Filed:  April 12, 2019 |
| Hologenix, LLC<br><br>   Counterclaimant,<br><br>   v.<br><br>Multiple Energy Technologies, LLC<br><br>   Counter-Defendant. | |

Defendant and Counterclaimant Hologenix, LLC hereby objects to the following portions of the declarations of Shannon Vissman, Alberto Gutierrez, Thomas Maronick and Andrew Case:

### DECLARATION OF SHANNON VISSMAN

Hologenix generally objects to the Declaration of Mr. Vissman to the extent that he fails to state that the factual statements asserted in his declaration are based on personal knowledge or other admissible evidence, therefore rendering his statements inadmissible pursuant to LR 7-7, Fed.R.Evid. 602 and 802. More specifically, Hologenix objects as follows:

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| 2. In late 2014, MET began discussing an agreement with Under Armour, Inc. ("Under Armour") to supply its patented formula of bioceramic powder, branded Redwave®, to Under Armour for use in sleepwear. | Lack of Foundation (*Fed. Rule Evid.* 602) <br><br> Hearsay (*Fed. Rule Evid.* 802) <br><br> Lack of Personal Knowledge (*Fed. Rule Evid.* 602) | Sustained: _____ <br> Overruled: _____ |
| 3. On January 15, 2015 MET and Under Armour signed a Material Transfer Agreement. | Best Evidence Rule (*Fed. Rule Evid.* 1002) <br><br> Hearsay (*Fed. Rule Evid.* 802) <br><br> Lack of Personal Knowledge (*Fed. Rule Evid.* 602) | Sustained: _____ <br> Overruled: _____ |
| 5. After the successful launch, and based on the response at CES, MET and Under Armour began to negotiate a three-year agreement | Lack of Foundation (*Fed. Rule Evid.* 602); <br><br> Best Evidence Rule (*Fed. Rule Evid.* 1002) | Sustained: _____ <br> Overruled: _____ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| under which Under Armour would pay MET a projected $2,500,000 per year to allow Under Armour to be the exclusive manufacturer of sleepwear incorporating Redwave, and would make a separate payment for each kilogram of Redwave used. | Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Personal Knowledge (*Fed. Rule Evid.* 602) | |
| 6. Under Armour was not MET's only major client. Beginning in 2015, MET and American Textile Company, Inc. ("American Textile") entered into a series of agreements whereby MET would supply American Textile with Redwave for use in bedding. MET and American Textile entered into a series of agreements, including a June 3, 2015 Material Transfer Agreement and a May 4, 2016 Evaluation and Supply Agreement. | Best Evidence Rule (*Fed. Rule Evid.* 1002)<br><br>Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Personal Knowledge (*Fed. Rule Evid.* 602) | Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |
| 7. The Evaluation and Supply Agreement included an option for American Textile, which it exercised on April 3, 2017, triggering a series | Best Evidence Rule (*Fed. Rule Evid.* 1002)<br><br>Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Personal Knowledge | Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| of automatic renewals until either party terminated. | (*Fed. Rule Evid.* 602) | |
| 8. By mid-2017, MET had agreements with two major manufacturers to supply them with Redwave for incorporation into their products and was in discussions with other major manufacturers as well. | Best Evidence Rule (*Fed. Rule Evid.* 1002) Hearsay (*Fed. Rule Evid.* 802) Lack of Personal Knowledge (*Fed. Rule Evid.* 602) | Sustained: _____ Overruled: _____ |
| 10. American Textile told MET that Hologenix was touting its "FDA approval for Celliant," and asked how MET could compete against that claim. | Hearsay (*Fed. Rule Evid.* 802) Speculative (*Fed. Rule Evid.* 602) Lack of Personal Knowledge (*Fed. Rule Evid.* 602) | Sustained: _____ Overruled: _____ |
| 11. Soon after Hologenix issued the July 25, 2017 press release, Under Armour terminated the exclusivity provisions of its agreement with MET. | Speculative (*Fed. Rule Evid.* 602) Lack of Foundation (*Fed. Rule Evid.* 602) Best Evidence Rule (*Fed. Rule Evid.* 1002) | Sustained: _____ Overruled: _____ |
| 12. In a conversation with a MET executive, an American Textile executive said that Under Armour switched to Hologenix specifically so that Under Armour could use Hologenix's | Hearsay (*Fed. Rule Evid.* 802) Hearsay within Hearsay (*Fed. Rule Evid.* 805) Lack of Personal Knowledge (*Fed. Rule Evid.* 602) Lack of Foundation (*Fed.* | Sustained: _____ Overruled: _____ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| promotional statements. | *Rule Evid.* 602) | |
| 13. In 2019, American Textile terminated its agreement with MET and switched to Celliant. | Lack of Foundation (*Fed. Rule Evid.* 602)<br><br>Speculative (*Fed. Rule Evid.* 602)<br><br>Lack of Personal Knowledge (*Fed. Rule Evid.* 602) | Sustained: _____<br>Overruled: _____ |
| 17. MET has nearly closed its doors **because Redwave is viewed as inferior to Hologenix's "FDA approved" and "FDA determined" product. (objection to bold language only)** | Speculative (*Fed. Rule Evid.* 602)<br><br>Lack of Foundation (*Fed. Rule Evid.* 602) | Sustained: _____<br>Overruled: _____ |
| 18. MET has no customers and has no current prospect of finding any **so long as -Hologenix's false and misleading claims continue. (objection to bold language only).** | Speculative (*Fed. Rule Evid.* 602)<br><br>Lack of Foundation (*Fed. Rule Evid.* 602)<br><br>Improper legal conclusion | Sustained: _____<br>Overruled: _____ |
| 19. Both Under Armour and American Textile represented to MET that claims regarding health benefits were important to their campaigns. | Hearsay (*Fed. Rule Evid.* 802)<br><br>Hearsay within Hearsay (*Fed. Rule Evid.* 805)<br><br>Lack of Personal Knowledge (*Fed. Rule Evid.* 602) | Sustained: _____<br>Overruled: _____ |

# **DECLARATION OF ALBERTO GUTIERREZ**

Hologenix generally objects to the Declaration of Mr. Gutierrez pursuant to Fed.R.Evid. 401, 602, 702 and 703 because Mr. Gutierrez admits that he has not reviewed the only documentation that matters: the communications between FDA and Hologenix. More specifically, Hologenix objects as follows:

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| 7. The FDA premarket review process for medical devices can span from a few days to years depending on whether the device is a "me too" or is making new claims not previously reviewed. When a medical device has been granted permission to enter the market by the FDA, within a month the FDA updates its public database of devices it has granted permission to market. The list of FDA-approved, cleared or authorized (the three methods of granting permission) medical devices is available on the FDA's website. | Irrelevant (*Fed. Rule Evid.* 401)<br><br>Improper Expert Witness Testimony (*Fed. Rule Evid.* 702) | Sustained: _____<br>Overruled: _____ |
| 8. I have reviewed the FDA's list of approved, cleared or authorized medical devices on its website, and neither "Hologenix" nor | Irrelevant (*Fed. Rule Evid.* 401)<br><br>Improper Expert Witness Testimony (*Fed. Rule Evid.* 702) | Sustained: _____<br>Overruled: _____ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| "Celliant" appears in the FDA premarket databases as applicant or device name. | | |
| 15. If a manufacturer wants to make claims about a product's medical benefits, other than ones that generally fall under "wellness," the FDA would typically respond to a 513(g) Request for Information by stating that the product is a "medical device" that falls within a specific regulation and classification, and whether the product and those claims can be marketed before the product is approved, cleared or authorized by the FDA. If the product is not a medical device, the FDA will state so. | Lack of Personal Knowledge (*Fed. Rule Evid.* 602)<br><br>Speculative (*Fed. Rule Evid.* 602)<br><br>Hearsay (*Fed. Rule Evid.* 802)<br><br>Improper Expert Witness Testimony (*Fed. Rule Evid.* 702)<br><br>Irrelevant (*Fed. Rule Evid.* 401) | Sustained: _____<br>Overruled: _____ |
| 16. If a product has a certain "intended use," it may be placed under the "general wellness" policy, and for such products the FDA has stated that it will not make a determination if the product is a medical device or not, and that it will apply regulatory discretion over all | Lack of Personal Knowledge (*Fed. Rule Evid.* 602)<br><br>Speculative (*Fed. Rule Evid.* 602)<br><br>Improper Expert Witness Testimony (*Fed. Rule Evid.* 702)<br><br>Irrelevant (*Fed. Rule Evid.* 401) | Sustained: _____<br>Overruled: _____ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| regulatory requirements including the requirement to register and list. | | |
| 18. Whether the FDA responds to a 513(g) Request by stating that a product is a medical device and what class it is (whether subject to registration or listing or exempt), or whether it responds to such a request by stating that a product is a "general wellness product," the FDA makes no determination as to how the product functions or whether it provides the purported benefits in response to a 513(g) Request for Information. | Lack of Personal Knowledge (*Fed. Rule Evid.* 602)<br><br>Speculative (*Fed. Rule Evid.* 602)<br><br>Improper Expert Witness Testimony (*Fed. Rule Evid.* 702)<br><br>Irrelevant (*Fed. Rule Evid.* 401) | Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |
| 19. Therefore, even if the FDA responded to a 513(g) Request for Information by Hologenix by stating that Celliant is a "general wellness product" (for which the FDA has enforcement discretion over all regulatory requirements) or that it is a "medical device" with information of what are the relevant regulatory requirements | Lack of Personal Knowledge (*Fed. Rule Evid.* 602)<br><br>Speculative (*Fed. Rule Evid.* 602)<br><br>Improper legal conclusion<br><br>Improper Expert Witness Testimony (*Fed. Rule Evid.* 702)<br><br>Irrelevant (*Fed. Rule Evid.* 401) | Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| (registration and listing often being one, and premarket review sometimes being one), such a response does not include any determination regarding Celliant's purported benefits. | | |

## DECLARATION OF THOMAS J. MARONICK

Hologenix generally objects to the Declaration of Mr. Maronick pursuant to Fed.R.Evid. 401, 602, 702 and 703 because Mr. Maronick did not survey the actual consumers of MET or Hologenix's product as pled by MET – manufacturers. More specifically, Hologenix objects as follows:

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| 9. Specifically, the study evaluated what consumers believed when they were shown the claim, made on Celliant's website, that Celliant is an "FDA Determined Medical Device and General Wellness Product" followed by a list of benefits, including "increase circulation," "cell recovery," "body temperature regulation," "better sleep," and "improved athletic performance." A true | Irrelevant (*Fed. Rule Evid. 401*)<br><br>Hearsay (*Fed. Rule Evid. 802*) | Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| and accurate copy of the website claims is attached hereto as **Exhibit B**. | | |
| 10. When asked an open-ended question about whether the FDA had made a determination about the benefits of Celliant, 43.4% of those who had seen the statement "FDA Determined Medical Device and General Wellness Product" wrote that the FDA had made such a determination. This represents 17.5% who said the "FDA determined" statement said or suggested that the FDA had approved, determined, and/or tested the fabric and/or the benefits indicated on the webpage; 13.3% who stated that the FDA had determined that Celliant is good for health/wellness, provides health/wellness, and works/is effective; and 12.6% who said that the FDA had determined that Celliant provides the features/benefits mentioned on the webpage. | Irrelevant (*Fed. Rule Evid.* 401)<br><br>Hearsay (*Fed. Rule Evid.* 802) | Sustained: _____<br>Overruled: _____ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| 11. When shown the webpage with the statement "FDA Determined Medical Device and General Wellness Product," 68.5 percent of respondents concluded that the FDA had made a determination about the underlying benefits that Celliant provides. Only 21.2 percent of the respondents who were shown the control webpage without this language concluded that the FDA had made a determination about the underlying benefits of the claims, for a difference of 47.3 percent. | Irrelevant (*Fed. Rule Evid. 401*)<br><br>Hearsay (*Fed. Rule Evid. 802*) | Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |
| 12. When shown the webpage with the statement "FDA Determined Medical Device and General Wellness Product" above the five claimed benefits, 67.7 percent of respondents concluded that the FDA had made a determination that Celliant increased circulation. Only 31.8 percent of the respondents who were | Irrelevant (*Fed. Rule Evid. 401*)<br><br>Hearsay (*Fed. Rule Evid. 802*) | Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| shown the control webpage without this language concluded that the FDA had made a determination that Celliant increased circulation, for a difference of 35.9 percent. | | |
| 13. When shown the webpage with the statement "FDA Determined Medical Device and General Wellness Product" above the five claimed benefits, 58.4 percent of respondents concluded that the FDA had made a determination that Celliant helped with cell recovery. Only 26.6 percent of the respondents who were shown the control webpage without this language concluded that the FDA had made a determination that Celliant helped with cell recovery, for a difference of 31.8 percent. | Irrelevant (*Fed. Rule Evid. 401*)<br><br>Hearsay (*Fed. Rule Evid. 802*) | Sustained: _____<br>Overruled: _____ |
| 14. When shown the webpage with the statement "FDA Determined Medical Device and General | Irrelevant (*Fed. Rule Evid. 401*)<br><br>Hearsay (*Fed. Rule Evid. 802*) | Sustained: _____<br>Overruled: _____ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| Wellness Product" above the five claimed benefits, 68.9 percent of respondents concluded that the FDA had made a determination that Celliant regulated body temperature. Only 29.9 percent of the respondents who were shown the control webpage without this language concluded that the FDA had made a determination that Celliant regulated body temperature, for a difference of 39.0 percent. | | |
| 15. When shown the webpage with the statement "FDA Determined Medical Device and General Wellness Product" above the five claimed benefits, 61.1 percent of respondents concluded that the FDA had made a determination that Celliant provided better sleep. Only 29.4 percent of the respondents who were shown the control webpage without this language concluded that the FDA had made a determination that | Irrelevant (*Fed. Rule Evid. 401*)<br><br>Hearsay (*Fed. Rule Evid. 802*) | Sustained: _____<br>Overruled: _____ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| Celliant provided better sleep, for a difference of 31.7 percent. | | |
| 16. When shown the webpage with the statement "FDA Determined Medical Device and General Wellness Product" above the five claimed benefits, 48.8 percent of respondents concluded that the FDA had made a determination that Celliant improved athletic performance. Only 26.6 percent of the respondents who were shown the control webpage without this language concluded that the FDA had made a determination that Celliant improved athletic performance, for a difference of 22.2 percent. | Irrelevant (*Fed. Rule Evid. 401*) <br><br> Hearsay (*Fed. Rule Evid. 802*) | Sustained: _____ <br> Overruled: _____ |
| 17. In addition, an overwhelming majority of respondents—whether they were shown the webpage with the "FDA determined" language or without that language—stated that they were more likely or much more likely to purchase performance enhancing | Irrelevant (*Fed. Rule Evid. 401*) <br><br> Hearsay (*Fed. Rule Evid. 802*) | Sustained: _____ <br> Overruled: _____ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| fabric if the FDA had determined that it provided the claimed benefits. The rates at which respondents stated that an FDA determination would make it more likely or much more likely that they would purchase performance-enhancing fabrics ranged from 59 percent to 95 percent depending on the benefit that was being claimed. | | |
| 18. Based on the results of the study, I can conclude that the claims on the Celliant website lead a significant number of consumers to believe that the FDA has determined that Celliant provides one or more of the benefits listed below the claim "FDA Determined Medical Device and General Wellness Product." | Irrelevant (*Fed. Rule Evid.* 401) <br><br> Hearsay (*Fed. Rule Evid.* 802) <br><br> Improper legal conclusion | Sustained: _____ <br> Overruled: _____ |

## DECLARATION OF ANDREW CASE

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| 2. Attached as **Exhibit A** to this declaration is a true and accurate copy of a document that I downloaded from the internet address http://time.com/4621309/under-armour-tom-brady-sleepwear-pajamas/, on April 11, 2019. | Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: _____<br>Overruled: _____ |
| 3. Attached as **Exhibit B** to this declaration is a true and accurate copy of a document that I downloaded from the internet address from the internet address https://www.prnewswire.com/news-releases/us-fda-determines-celliant-responsive-textile-products-meet-criteria-as-medical-devices-and-general-wellness-products-300493298.html, on April 11, 2019. | Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: _____<br>Overruled: _____ |
| 8. Attached as **Exhibit G** to this declaration is a true and accurate copy of a document that I downloaded from the internet address https://www.huffpost.com/entry/the-future-of-health-and-wellness-is-a-responsive- | Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: _____<br>Overruled: _____ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| textile_b_59a40712e4b0cb7715bfd720, on April 11, 2019. | | |
| 10. Attached as **Exhibit I** to this declaration is a true and accurate copy of an excerpt from the September-October edition of *Textile Insight* that I downloaded from the internet address http://viewer.e-digitaledition.com/i/875036-september-october-2017/15?, on April 11, 2019. | Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: _____<br>Overruled: _____ |
| 11. Attached as **Exhibit J** to this declaration is a true and accurate copy of an article from *Inc.* that I downloaded from the internet address https://www.inc.com/sonya-mann/expensive-ecommerce-shopping.html, on February 21 2019. | Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: _____<br>Overruled: _____ |
| 12. Attached as **Exhibit K** to this declaration is a true and accurate copy of an article from *Hunker* that I downloaded from the internet address https://www.hunker.com/13713636/7-blankets-that-do-more-than-just-blanket, on February 21 2019. | Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: _____<br>Overruled: _____ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| 13. Attached as **Exhibit L** to this declaration is a true and accurate copy of an article from *Shape* that I downloaded from the internet address https://www.shape.com/fitness/clothes/under-armour-athleisure-collection-recovery-workout-clothes, on February 21 2019. | Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |
| 14. Attached as **Exhibit M** to this declaration is a true and accurate copy of an article from *WWD* that I downloaded from the internet address https://www.pressreader.com/usa/wwd-digital-daily/20180718/281496457063760, on February 21 2019. | Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |
| 15. Attached as **Exhibit N** to this declaration is a true and accurate copy of an article from *Gear Patrol* that I downloaded from the internet address https://gearpatrol.com/2018/08/27/celliant-technology-what-is-it/, on February 21 2019. | Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |
| 16. Attached as **Exhibit 0** to this declaration is a true and accurate copy of an article from *Talking Points Memo* that I | Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Authentication (*Fed.* | Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| downloaded from the internet address https://talkingpointsmemo . com/sourced/wrap-yourself-in-wellness-with-this-infinity-blanket, on February 21 2019. | *Rule Evid.* 901) | |
| 17. Attached as **Exhibit P** to this declaration is a true and accurate copy of an article from *Matress Clarity* that I downloaded from the internet address https://www.inc.com/sonya-mann/expensive-ecommerce-shopping.html, on April 11, 2019. | Hearsay (*Fed. Rule Evid.* 802) Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: _____ Overruled: _____ |
| 18. Attached as **Exhibit Q** to this declaration is a true and accurate copy of a document that I downloaded from the internet address https://www.pillows.com/purecare-celliant-queen-.html, on February 21, 2019. | Hearsay (*Fed. Rule Evid.* 802) Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: _____ Overruled: _____ |
| 19. Attached as **Exhibit R** to this declaration is a true and accurate copy of an article from *SportTechie* that I downloaded from the internet address https://www. sporttechie. com/under-armour-rush- | Hearsay (*Fed. Rule Evid.* 802) Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: _____ Overruled: _____ |

| Material Objected to: | Ground(s) for Objection: | Ruling on Objection: |
|---|---|---|
| infrared-bioceramic s-tom-brady-performance/, on April 3, 2019. | | |
| 20. Attached as **Exhibit S** to this declaration is a true and accurate copy of an article from Forbes that I downloaded from the internet address https://www.forbes.com/sites/timnewcomb/2019/04/03/under-armour-debuts-new-training-line-with-infrared-technology/#7171fbeb68cd, on April 3, 2019. | Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: _____<br>Overruled: _____ |
| 25. Attached as **Exhibit X** to this declaration is a true and accurate copy of a document that I downloaded from the internet address https://yaasa.com/celliant/#gref, on April 11, 2019. | Hearsay (*Fed. Rule Evid.* 802)<br><br>Lack of Authentication (*Fed. Rule Evid.* 901) | Sustained: _____<br>Overruled: _____ |

Dated: May 10, 2019

**POLSINELLI LLP**

By: /s/ *Noel Cohen*
     Noel S. Cohen
*Attorneys for Defendant and Counterclaimant Hologenix, LLC.*